IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. GLENN,<br><br>      Plaintiff,<br><br>  v.<br><br>DONALD RUMSFELD, et al.<br><br>      Defendants.<br>_____ / | No. C 05-01787 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 17, 2006:

    The Court has reviewed the parties' memoranda of points and authorities and does not wish to hear argument summarizing the positions taken in those briefs.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.  The parties shall not file written responses to the questions posed in this notice.

    The Court **tentatively GRANTS IN PART AND DENIES IN PART Defendant's** motion.  The parties shall be prepared to address the following questions at the hearing:

1.    To the extent Glenn's claims are based on the assertion that the USMC did not follow the correct procedures before decertifying him, if the Court concluded it could not review the substantive aspect of the decision, would such a finding bar consideration of any challenge to the procedures used in reaching the decision?  If not, why should this issue not be resolved after discovery is complete?

2.    a.    Glenn argues that "the implementing regulations from the Military Department Secretaries give ample criteria for judging the continuing certification of a JROTC instructor." What are these criteria?

      b.    If the Defendants' decision had been based on criteria set forth in MCJROTC SOP § 3002.1, it seems that the Court would have a "meaningful standard" by which to review the decision. However, Defendants' decision was based on the "best interests" language. How does Plaintiff distinguish the holding of *Webster v. Doe*, 486 U.S. 592 (1988), in which the Supreme Court said substantially similar language did not provide a meaningful standard for a Court to review an agency decision? Does Glenn have any authority supporting the proposition that "in the best interests" language provides a "meaningful standard" by which this Court could review Defendants' decision?

      c.    In *Webster*, the Supreme Court appeared to find significant the fact that the provision of the National Security Act at issue allowed termination of an employee whenever the Director "'shall *deem* such termination necessary or advisable in the interests of the United States,' not simply when the dismissal is necessary or advisable to those interests." *Webster*, 486 U.S. at 600 (emphasis in original). MCJROTC SOP § 3002.1 does not contain similar "shall deem" language. Do Defendants have any authority, other than *Webster*, in which a court has found language similar to section 3002.1 to render an agency action non-reviewable?

      d.    Does Defendants' Ex. 4 provide any further guidance on criteria used in the certification and decertification process. **The Court requests that Defendants provide a complete copy of this Exhibit at the hearing.**

3.    Can Glenn raise a challenge to the decertification decision to the appropriate Board of Military Corrections? If so, how would this affect the Court's evaluation of Defendants' motion?

4.    a.    The Court presumes that the allegations with respect to the Privacy Act violations are set forth in paragraph 22.A-Q of the Complaint. It is unclear to the Court, however, whether the chronology relates to multiple privacy act requests or renewed requests to the Defendants to respond to the original request dated June 16, 2003. Accordingly, at the hearing, as to each Privacy Act request made, Glenn shall be prepared to set forth the date it was made, the date it was denied, the date it was appealed, and the date the appeal was made final, either by a formal denial or by inaction.

      b.    Does Glenn dispute that he did not appeal the March 1, 2005 response by Captain Korzilius, which was made in compliance with Captain Whitaker's response to Glenn's August 9, 2004 appeal? If not, what is Glenn's best argument that he has exhausted his administrative remedies for purposes of his Privacy Act claim?

      c.    To the extent Glenn's Privacy Act claim seeks correction of his records, in addition to production of records, is there a meaningful difference between what Glenn would be required to do to exhaust administrative remedies for purposes of his Privacy Act claim and the requirement in *Mindes* of "exhaustion of intraservice remedies" with respect to his APA claim? If so, what is that difference?

5.    a.    Defendants cite *Norris v. Lehman*, 845 F.2d 283 (11th Cir. 1988), for the proposition that the decision to decertify is a military decision and the *Mindes* test applies to preclude review of Glenn's APA claim. In *Norris*, however, the Court applied the *Feres* doctrine to bar a *Bivens* claim based on facts analogous to this case. In *Bowen v. Oistead*, 125 F.3d 800 (9th Cir. 1997), the Ninth Circuit applied to the *Feres* doctrine to bar tort and constitutional claims brought by a member of the Alaska national guard based on the termination of his tour of duty. Are Defendants asking the Court to apply the *Feres* doctrine to Glenn's due process claims?

      b.    How would Glenn distinguish the holding in *Bowen* that because the plaintiff's discharge in that case "implicate[d] 'inherently military concerns,'" the decision to discharge him was non-justiciable?

      c.    If the *Feres* doctrine does not apply to bar Glenn's due process claims, what is Defendants' best argument that there is no due process violation, given the allegations that led to the decertification? *See, e.g., Llamas v. Butte Community College Dist.*, 238 F.3d 1123, 1129 (9th Cir. 2001) (recognizing that due process protections can apply if a plaintiff is subjected to "stigma plus, *i.e.* if the state makes a charge against [a plaintiff] that might seriously damage his standing and associations in the community," and "1) the accuracy of the charge is contested, 2) there is some public disclosure of the charge, and 3) it is made in connection with the termination of employment or the alteration of some right or status recognized by state law").

6.    Under the MCJROTC SOP, certification of an instructor takes place every four years. Do Defendants' contend that Glenn had no legitimate claim of entitlement to certification even during a given four year period, because MCJROTC SOP §

3

3002.1 states that "in addition, instructor certification may be withdrawn at the discretion of the CG, MCCDC C 46), if revocation of the certification is in the best interest of the Marine Corps?" *See, e.g., Greenwood v. Federal Aviation Admin.*, 28 F.3d 971, 976 (9th Cir. 2004) (noting that because there was no automatic renewal of benefit in question, no property interest existed).

7. Are there any other issues the parties wish to address?

Dated: February 16, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4