KEVIN V. RYAN, CSBN 118321
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
KATHERINE B. DOWLING, CSBN 220767
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
Box 36055
San Francisco, California 94102
Telephone: (415) 436-6833
Facsimile:  (415) 436-7169

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAJOR JOHN E. GLENN, | No. C 05-01787 JSW |
| Plaintiff, | |
| v. | STIPULATION AND ORDER APPROVING SETTLEMENT AGREEMENT |
| DONALD RUMSFELD et al | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between Major John E. Glenn, Plaintiff, and United States of America, Defendant, as follows:

1. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth in this settlement agreement ("Agreement"):

2. Defendant agrees to (a) pay to the Plaintiff the sum of Three Thousand Five Hundred Dollars and no cents ($3,500.00 or "Monetary Settlement"), (b) allow Plaintiff to

STIP & ORDER APPROVING COMPROMISE SETTLEMENT

1

No. C 05-01787 JSW

1  submit a letter of resignation ("Resignation Letter") to the U.S. Marine Corps to replace his
2  current U.S. Marine Corps JROTC decertification letter dated August 18, 2003, (c) direct the
3  nine recipients of the Plaintiff's original decertification letter to destroy any and all copies of
4  such letter (to the extent they still exist) and to provide Plaintiff proof of same with the intent
5  to expunge the file of the decertification action. Prior to the effective date of this Agreement,
6  Plaintiff agrees to submit a Resignation Letter, dated August 18, 2003, resigning his
7  MCJROTC certification. Furthermore, Plaintiff agrees he will never seek or accept a JROTC
8  certification or recertification from the U.S. Marine Corps or the Department of the Navy.

9  3. The Defendant's acceptance of the Resignation Letter and payment of the Monetary
10 Settlement shall be in full settlement and satisfaction of any and all claims, demands, rights,
11 and causes of action of whatever kind and nature, arising from the same subject matter that
12 gave rise to the above-captioned lawsuit, for which Plaintiff or his heirs, executors,
13 administrators, or assigns, and each of them, now have or may hereafter acquire against
14 Defendant, his agents, servants, employees and the Department of the Navy.

15 4. Plaintiff and his guardians, heirs, executors, administrators and assigns hereby
16 agree to accept the Resignation Letter and Monetary Settlement sum of Three Thousand Five
17 Hundred Dollars and no cents ($3,500.00), in full settlement and satisfaction of any and all
18 claims, demands, rights, and causes of action of whatever kind and nature, arising from the
19 same subject matter that gave rise to the above-captioned lawsuit.

20 5. This Agreement shall not constitute an admission of liability, fault or any
21 wrongdoing on the part of Defendant, its officials, agents, servants, employees, or former
22 employees, or representatives of the Defendant and is entered into by both parties for the
23 purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

24 6. This Agreement may be pled as a full and complete defense to any subsequent
25 action or other proceeding involving any person or party which arises out of the claims

released and discharged by this Agreement.

7. It is also agreed, by and among the parties, that the Resignation Letter and Monetary Settlement amount of Three Thousand Five Hundred Dollars and no cents ($3,500.00) represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, attorney fees, and expenses.

8. Payment of the Monetary Settlement will be made by electronic funds transfer (EFT) in the amount of Three Thousand Five Hundred Dollars and no cents ($3,500.00) and made payable to Major John E. Glenn.

9. In consideration of this Agreement, Plaintiff Major John E. Glenn agrees to the dismissal with prejudice of C 05-01787 JSW, <u>Major John E. Glenn v. Donald Rumsfeld, et al.</u>

10. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of Defendant for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference. Furthermore, Plaintiff agrees to irrevocably and unconditionally release the Defendant, the Department of the Navy, its employees and former employees
from any and all charges, complaints, liabilities, damages, suits, attorneys fees, costs, debts,

1  and expenses which Plaintiff may have had in the past, has now currently, or will have in the
2  future arising from the same subject matter that gave rise to the above-captioned lawsuit.
3       11. This instrument shall constitute the entire agreement between the parties, and it is
4  expressly understood and agreed that the Agreement has been freely and voluntarily entered
5  into by the parties hereto. The parties further acknowledge that no warranties or
6  representations have been made on any subject other than as set forth in this Agreement. The
7  terms of this Agreement shall not establish any precedent and can not be used by the parties or
8  others to seek or justify terms in another case. This Agreement may not be altered, modified
9  or otherwise changed in any respect except by writing, duly executed by all of the parties or
10 their authorized representatives. Any provision of this Agreement declared or determined by
11 any court or administrative tribunal to be illegal or invalid will not affect the validity of the
12 remaining provisions.
13      12. Defendant will endeavor to satisfy the above terms within three weeks from the
14 date this Court approves this Agreement. The District Court will retain jurisdiction over the
15 enforcement of this Agreement.

18 Dated: 8/10/06

*Major John E. Glenn*
MAJOR JOHN E. GLENN
Plaintiff

22 Dated: 14 AUG 06

MICHAEL BAUERNFEIND
Attorney for Plaintiff

**STIP & ORDER APPROVING COMPROMISE SETTLEMENT**
4
No. C 05-01787 JSW

```
1
2                                          KEVIN V. RYAN
                                           United States Attorney
3
4
5   Dated: 8/14/06
6                                          _____
                                           KATHERINE B. DOWLING
7                                          Assistant United States Attorney
                                           Attorneys for Defendant
8   APPROVED AND SO ORDERED:
9
10
11
12  Dated: August 15, 2006
                                           _____
13                                         HONORABLE JEFFREY S. WHITE
                                           United States District Court Judge
14
15
16
17
18
19
20
21
22
23
24
25
```

**STIP & ORDER APPROVING COMPROMISE SETTLEMENT**

5

No. C 05-01787 JSW